IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CORY BRYAN NELSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-429-F |
| | ) | |
| JERRY NILES, Sheriff, | ) | |
| Garfield County Jail, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Cory Bryan Nelson ("Plaintiff"), a state prisoner appearing pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. United States District Judge Stephen P. Friot referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). For the reasons set forth herein, the undersigned recommends the Court dismiss the instant action without prejudice for failure to prosecute.

I.  Background

Plaintiff filed his initial pleading on April 21, 2015 [Doc. No. 1], contending his constitutional rights were violated while he was an inmate at the Grady County Jail in Enid, Oklahoma when he allegedly was raped, sexually harassed, and otherwise retaliated against, and officials failed either to protect him or to investigate the incident. Magistrate Judge Suzanne Mitchell, to whom this matter was then referred, granted Plaintiff leave to proceed in forma pauperis [Doc. No. 6] and entered an Order Requiring Service and Special Report on April 24, 2015 ("April 24th Order") [Doc. No. 8], advising Plaintiff he had 120 days from the date of that

Order in which to serve process on Defendants, and that his failure to timely file proof of such service could result in dismissal of this action.

The docket reflects that the Clerk of this Court mailed a copy of the April 24th Order and all necessary service papers to Plaintiff the same day; however, such mailing was retuned as undeliverable on April 29, 2015. [Doc. No. 10]. On May 20, 2015, the Court received a notice of change of address from Plaintiff. [Doc. No. 12]. The docket further reflects the Clerk of this Court mailed the April 24th Order to Plaintiff at the new address on May 20, 2015 and again on June 1, 2015. There is no indication in the docket that those mailings were returned undelivered.

As the Court informed Plaintiff in its April 24th Order, he is required to present a summons for each Defendant to the Clerk of the Court for processing and issuance and to have each Defendant served with a summons and a copy of his Complaint within the time allowed by Rule 4(m). Fed. R. Civ. P. 4(b), (c)(1). The 120-day period following June 1, 2015 – the latest date on which the Clerk of this Court mailed the April 24th Order to Plaintiff – expired on September 28, 2015, without Plaintiff having submitted the necessary service papers to be issued by the Clerk of this Court.

On October 5, 2015, this Court ordered Plaintiff to show cause by October 26, 2015 why this action should not be dismissed without prejudice for failure to prosecute. [Doc. No. 13].

II.     Plaintiff's Failure to Prosecute

Under Federal Rule of Civil Procedure 41(b), the court may dismiss an action, sua sponte, if "the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (holding Rule 41(b) "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders"); *see also Reed v.*

*Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). To date, Plaintiff has failed to respond to the Court's Show Cause Order; nor has he requested additional time in which to do so. Indeed, the last communication the Clerk of this Court received from Plaintiff was his May 20, 2015 notice of change of address [Doc. No. 12].

## RECOMMENDATION

Based on the foregoing, the undersigned recommends the Court sua sponte dismiss the instant action without prejudice for failure to prosecute. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007) (holding where the dismissal is without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures.").

## NOTICE OF RIGHT TO OBJECT

The undersigned advises Plaintiff he has the right to file an objection to this Report and Recommendation with the Clerk of this Court by December 4, 2015, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), and that failure to make a timely objection would waive the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) (holding "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral in the present case.

ENTERED this 4th day of November, 2015.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE